CALEDONIA COUNTY, MARCH TERM, 1826.

*Henry Stevens* vs. *J. & E. Chamberlin.*

If by the terms of a contract successive acts are required to be performed within limited periods, the several days on which the performance is alleged, if within the respective periods limited by the contract are not material. And though the order of performance in point of time should seem to be inverted, yet if the time is laid under a *videlicet* and with express reference to the periods limited by the contract, there is no repugnancy.

In declaring upon a contract payable in such goods on demand as the plaintiff should want, it is not sufficient to aver a general demand of goods; but it should appear that the plaintiff designated the goods which he wanted, or else that he expressly waived his right to select and gave the defendant notice of the waiver.

Where part of an entire sum due upon a sealed agreement is payable by instalments at fixed periods, and the residue in specific articles on demand, covenant will lie for the instalments before a demand is made of the specific articles.

THIS was an action of covenant upon a sealed agreement whereby the plaintiff had undertaken on his part, within three months from the date of the contract, (which was early in February) to deliver upon the banks of *Connecticut* and *Passumsic rivers* at places designated, a large quantity of timber of certain descriptions; and as soon as the ice should be dissolved, to float the same down said rivers to the foot of *Dodge's Falls* and there deliver it to the defendants, at certain prices fixed by the contract. The quantity and quality of the timber was to be ascertained by surveyors before it was floated. He was also, at the same time, to deliver to the defendants three hundred thousand shingles of different denominations, at prices also fixed by the contract. The defendants were to make payment by certain instalments, all payable in money at stated times, except one for a fifth part of the whole price of the timber and shingles, which was payable in such goods at cash price as the plaintiff should want, on demand after the timber and shingles were delivered.

The declaration alleged the delivery of the requisite quantity of timber on the banks of the rivers aforesaid at the places designated, and a survey thereof, "within three months from the date of said contract, to wit, on the first day of May," &c. It also alleged that "as soon as the ice was dissolved in said rivers, to wit,

D

Caledonia, March, 1826. } on the tenth day of April," &c. he floated
*Stevens* vs. *Chamberlin.* } said timber to the foot of *Dodge's Falls*
and there delivered the same to the defendants. It was further
alleged that the plaintiff delivered to the defendants three hundred
thousand shingles of the descriptions required by the contract,
and that the defendants accepted and received of the plaintiff dif-
ferent parcels of said shingles to the amount of one hundred and
twenty thousand, in full satisfaction for the whole three hundred
thousand. The breach of the covenant on the part of the defend-
ants was alleged to the following effect ;—"that they had never
paid the plaintiff the value of said timber and shingles, in money
and goods according to the contract aforesaid, though often there-
to requested, and particularly at *Barnet* aforesaid upon the deliv-
ery of said timber and shingles as aforesaid." The defendants
demurred specially to the declaration, assigning as causes of de-
murrer,

1. That the declaration was repugnant and contradictory, in
averring that the timber was floated to the foot of *Dodge's Falls*
on the 10th day of April, when it appeared to have been delivered
on the banks of the rivers on the first of May following.

2. That it was also repugnant in alleging that the three hun-
dred thousand shingles were delivered, and that the plaintiff at
the same time received but one hundred and twenty thousand in
satisfaction for the whole.

3. That the breach was not well assigned, because it did not
appear that the defendant ever designated the goods which he
wanted.

The demurrer was now argued by *Burbank* and *Paddock* for
the defendants, and by *Fletcher* for the plaintiff.

ROYCE, J. delivered the opinion of the court.

This case comes before the court upon a special demurrer to
the declaration. To enable the plaintiff to recover upon the con-
tract set forth, it was necessary that he should have performed it
on his part, as such performance is undoubtedly a condition pre-
cedent to any liability on the part of the defendants. The man-
ner in which this performance is alleged makes the first objection
to the declaration. It is contended that the declaration is repug-
nant and contradictory, in averring the timber to have been floated

down the rivers named in the agreement to { Caledonia, March, 1826.
the place of ultimate delivery, before it was } *Stevens* vs. *Chamberlin,*
placed upon the banks of those rivers where the survey and inter-
mediate delivery were to take place.    The averments as to the
time of delivering the timber on the banks, and of floating the
same to the place of final delivery, must be construed with refer-
ence to the terms of the contract.    This required that the timber
should be delivered on the banks within three months from the
date of the contract, and that it should be floated to the foot of
*Dodge's Falls* as soon as the ice was dissolved. It is accordingly
alleged that the timber was delivered within the three months, to
wit, on the 1st day of May ; and that it was floated as soon as the
ice was dissolved, to wit, on the tenth day of April.    The day on
which either of these events is alleged to have happened, espe-
cially when laid under a *videlicet,* is not material, provided it is with-
in the time limited by the contract. It may therefore be understood,
if necessary, that the timber was delivered on the banks before
the 10th day of April, but the delivery not alleged till the first
day of May because the latter date, being within three months,
satisfies the contract ; or that it was not floated till after the first
day of May, but as soon as the ice was dissolved, which equally
satisfies the contract.    The seeming repugnancy in this particular
is therefore of no importance, since each event is alleged in con-
formity to the agreement.

The next objection to the alleged performance on the part of the
plaintiff is, that though the requisite quantity of shingles is avered
to have been delivered to the defendants, yet a lesser quantity is
said to have been received by them in satisfaction for the whole.
Were the acceptance of the smaller quantity the only perform-
ance alleged, there might be a ground for this objection,  on the
principle that an acceptance of part could be no satisfaction for the
whole.  In that case it should appear that the defendants express-
ly  discharged the plaintiff from any further delivery or perform-
ance.    But the contract in this instance was satisfied by the deliv-
ery alone ; and what is said of the subsequent acceptance by the
defendants is not repugnancy but surplusage.

The remaining objection arises from the  manner in which the
demand  of payment is set forth.  This objection concerns only

Caledonia, March, 1826. } that portion of the debt which was paya-
Stevens vs. Chamberlin. } ble in goods, no demand being necessary in respect to the other instalments. It is not to be collected from the declaration that any actual demand of payment was made but once, and that at the final delivery of the property sold. This demand does not appear to have been well made. It was at most but a general demand on the defendants to pay in goods, without any designation of such particular goods as the plaintiff wanted. It was necessary for the plaintiff either to designate and elect, or explicitly to waive the right and authorise the defendants to deliver such goods as suited their convenience. Without this the defendants could not be subjected for omitting any attempt to fulfil this part of their contract. This defect, however, does not prevent the plaintiff from recovering according to the right which has become perfected. The failure of the defendants to pay the other portions of the debt is not excused by any thing appearing on the record. We therefore adjudge for the plaintiff, and allow him to assess his damages, except for a fifth part of his demand which was payable in goods.

PRENTISS, J. having been counsel in the cause did not sit at the trial.

Burbank and Paddock, for defendants.
Fletcher, for plaintiff.